UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | **REPORT AND RECOMMENDATION** |
| v. | 09-CR-00372-RJA-JJM-5 |
| JAVIER FELICIANO, | |
| Defendant. | |

_____

## INTRODUCTION

This Report and Recommendation confirms and expands upon my findings, stated from the bench on May 31, 2011 [477],[1] that defendant has regained mental competence to proceed in this case. "In light of the lack of guidance from the Second Circuit and in an abundance of caution, this Court's findings are set forth in a Report and Recommendation and not a Decision and Order." United States v. Simmons, 993 F. Supp. 168, 172 n.1 (W.D.N.Y. 1998) (Feldman, M.J./Larimer, J.).

## BACKGROUND

In an indictment dated November 18, 2009 [1], defendant was charged with conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §846. On March 31, 2010, his attorney filed a motion to determine competency pursuant to 18 U.S.C. §4241, alleging, in part, that defendant claims amnesia regarding the events in question [150]. In response to the motion, I ordered defendant to undergo a psychiatric examination [180]. In a report dated July 7, 2010 [318], Federal Medical Center ("FMC") Forensic Psychologist Julie

---

[1] Bracketed references are to CM/ECF docket entries.

Amato, Ph.D. concluded that "due to the symptoms of his mental illness, Mr. Feliciano is not currently able to assist his attorney in his defense. As a result, his ability to proceed with regard to his current charge is significantly impaired. Because he has only recently come to the attention of mental health providers, it is difficult to predict a timeline for his responsiveness to treatment". [318], p.15. On April 15, 2010 I found, pursuant to 18 U.S.C. §4241(d), that defendant was at that time incompetent, and ordered him hospitalized for treatment to ascertain whether he could be restored to competency [317, 285].

Defendant was then hospitalized at FMC Butner in North Carolina. In a report dated April 18, 2011, FMC Butner psychiatrist Bryon Herbel, M.D. concluded that defendant "does not suffer from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or assist properly in his defense. Therefore, we view him as competent to stand trial because his mental condition is so improved that proceedings may go forward." [474], p. 17. That report was accompanied by a "Certificate of Restoration of Competency to Stand Trial", in accordance with 18 U.S.C. §4241(e).

Thereafter, pursuant to 18 U.S.C. §§4241(e) and 4247(d), a competency hearing was held before me on May 16, 2011 [473]. At that time, I heard testimony from Dr. Amato, Dr. Herbel, and defendant's wife, Jacqulyn Feliciano. I also questioned defendant himself. Dr. Amato testified that although her July 7, 2010 report [318] had concluded that defendant was not competent at that time, she had not seen defendant in a year, and therefore could not comment on his present status. However, she stated that based upon Dr. Herbel's more recent report, it appears that defendant has been restored to competency. Dr. Amato also stated that defendant is

not mentally retarded, and that his measured IQ of 76 may actually be higher because he was emotionally upset at the time of his examination.

Dr. Herbel then testified in accordance with his April 18, 2011 report [ ].  He confirmed his conclusion in that report that defendant was competent, and stated that in his opinion, defendant's claim of inability to understand the proceedings against him were feigned, and that there was no explanation other than malingering for defendant's claims of memory impairment.

Defendant's wife, Jacqulyn Feliciano, described him as "more like a child than a husband", and testified that she has to remind him about appointments, medications and so forth. However, she stated that defendant does have the ability to remember television shows, and admitted that he did not seek mental health treatment until he was arrested in this case.

Defendant's demeanor struck me as rational and coherent.  He was able to identify me and the prosecutor.  He stated that he knows that the role of the judge is to make decisions, and that the prosecutor presents the charges. Although he left school in the sixth grade, he stated that he is not retarded.  He described a typical day as remaining in the house and going with his wife grocery shopping and to pick up the children.  When asked whether he agrees with Dr. Herbel's opinion that he is exaggerating his symptoms, he said no.  However, he admitted that he believes he can assist in his defense.  He testified concerning a previous arrest in 2003, and stated that he consulted with counsel and accepted a plea deal because it was more favorable than the potential outcome at trial.

-3-

## ANALYSIS

A defendant "is competent to stand trial if he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings against him . . . . Mental illness is not the legal equivalent of incompetency. Rather, the mental illness must deprive the defendant from being able to either (1) consult with counsel with a reasonable degree of rational understanding or (2) exercise factual and rational understanding of the proceedings against him . . . . While past psychiatric problems are relevant, the question of competency to stand trial is limited to the defendant's abilities at the time of trial. Simmons, 993 F.Supp. at 170.

I find the testimony of Drs. Amato and Herbel to be both well-reasoned and credible. Although I note the testimony of defendant's wife concerning his inability to make decisions, I place greater weight upon the opinion of Dr. Herbel, coupled with my own observations of defendant's demeanor and responsiveness to questions posed during the hearing. Even if his claim of inability to remember the events relating to the charges against him were true, "[a] defendant's amnesia about events surrounding the crime will not automatically render him incompetent to stand trial." United States v. Villegas, 899 F.2d 1324, 1341 (2d Cir.), cert. denied, 498 U.S. 991 (1990); Simmons, 993 F. Supp. at 171 . Nor is his relatively low IQ "in and of itself, a basis on which to find that he is incompetent to stand trial". Hill v. West, 599 F. Supp.2d 371, 394 (W.D.N.Y. 2009).

Accordingly, pursuant to 18 U.S.C. §4241(e), I find by a preponderance of the evidence that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him. Although §4241(e) also directs me to

order defendant's "immediate discharge from the facility in which he was hospitalized", there is no need to do so, since he has already been released from FMC Butner.

## CONCLUSION

For these reasons, I recommend that defendant be determined competent to proceed in this case, without prejudice to his right to request a competency hearing at a later date, should his mental condition deteriorate. Unless otherwise ordered by Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of this court by August 1, 2011 (applying the time frames set forth in Fed. R. Crim. P. 45(a)(1)(C), 45(c), and 59(b)(2)).  Any requests for extension of this deadline must be made to Judge Arcara.  A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2(a)(3) of this Court's Local Rules of Criminal Procedure, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority", and pursuant to Local Rule 58.2(a)(4), the

objections must include "a written statement either (1) certifying that the objections do not raise new legal/factual arguments, or (2) identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objection.

Dated: July 15, 2011

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge
